IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARTIE JOSEPH RILEY, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:22-cv-827-O |
| | § | (Consolidated with Civil Action |
| | § | No. 4:23-cv-138-O) |
| BOBBY LUMPKIN, Director, | § | |
| TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Artie Joseph Riley, Jr. ("Riley"), a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Respondent Bobby Lumpkin, director of that division. After considering the pleadings and relief sought by Riley, the Court concludes that the § 2254 petition must be **DISMISSED** with prejudice and **DENIED**, and the proposed amended § 2254 petition must be **DENIED**.

I.    BACKGROUND

Riley is in the custody of the TDCJ-CID pursuant to a judgment and sentence of the 372nd District Court of Tarrant County, Texas, in cause number 1087825D. SHCR-03 (Writ Rec'd), at 5–6, 13–14, ECF No. 16-8.[1] In that cause, Riley was charged by indictment with aggravated sexual assault of a child. *Id.* at 4 (Indictment).

On October 20, 2008, after being fully admonished of the consequences of his plea, Riley

---

[1] "SHCR-03" and "SHCR-01" refer to the Clerk's Record of pleadings and documents filed with the trial court during Petitioner's state habeas corpus proceedings. *See generally Ex Parte Artie Joseph Riley, Jr.*, No. WR-94,022-03, and 01. The records were docketed at ECF Nos. 16-1 through 16-12.

entered a guilty plea, and the trial court entered a judgment of deferred adjudication and placed Riley on eight years of probation. *Id.* at 5–6 (Unadjudicated Judgment on Plea of Guilty or Nolo Contendere and Suspending Imposition of Sentence), 98–102 (Written Plea Admonishments, Written Waivers, Judicial Confession). Because the trial court's judgment was the result of a plea bargain and Riley waived his right to appeal, Riley had no right to appeal, and no appeal was filed. *Id.* at 104 (Trial Court's Certification of Defendant's Right of Appeal); Pet. 3, ECF No. 1.

On July 25, 2011, the State filed a petition to proceed to adjudication in Riley's case. SHCR-03 (Writ Rec'd), at 105–07, ECF No. 16-8.  Riley signed written plea admonishments, written waivers, and a judicial confession, and pleaded true to every allegation contained in the State's petition. *Id.* at 108–09. On that same day, the trial court entered a judgment of conviction and sentenced Riley to fifteen years' confinement. *Id.* at 13–14. Riley waived his right to appeal, and no appeal was filed. *Id*. at 111; Pet. 3, ECF No. 1.

On or about July 20, 2022,[2] Riley filed a state habeas application challenging his conviction in cause number 1087825D. SHCR-01 (Writ Rec'd), at 18, ECF No. 16-3. The Texas Court of Criminal Appeals (TCCA) dismissed this application on August 17, 2022 pursuant to Tex. R. App. P. 73.2 because Riley did not complete a proper verification of the prescribed form. SHCR-01 (Action Taken), ECF No. 16-1. Riley filed an additional state habeas application, constructively filed on or about July 18, 2022.[3] SHCR-03 (Writ Rec'd), at 18–33, ECF No. 16-8. On January 25, 2023, the TCCA denied this state habeas application without written order based

---

[2] "[U]nder Texas law the pleadings of pro se inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities." *Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013).  Riley wholly failed to date and execute this state habeas application. Therefore, in this instance, the file stamp date, July 20, 2022, is the earliest date. WR-94,022-01, at 18, ECF No. 16-3.

[3] This state application was file-stamped on August 24, 2022, but Riley executed the application on July 18, 2022, so that is the earliest date. WR-94,022-03 (Writ Rec'd), at 18 and 33, ECF No. 16-8.

on the trial court's findings and without a hearing. SHCR-03 (Action Taken), ECF No. 16-12.

In case number 4:22-CV-827-O, Riley constructively filed his initial § 2254 petition in this Court on September 9, 2022.[4]  The Respondent filed an initial response on February 2, 2023, but Riley then filed another § 2254 petition and brief in support in case number 4:23-CV-138-O, file-stamped on February 13, 2023. No. 4:23-CV-138-O, ECF Nos. 1 and 2. The Court, by order entered February 19, 2023, consolidated the cases, and the Respondent then filed a supplemental response. ECF Nos. 19 and 21. Riley has also filed a reply. ECF No. 24. The Court will refer to Riley's later-in-time § 2254 petition and memorandum as his proposed amended petition ("Prop. Am. Pet.") and a proposed amended memorandum ("Prop. Am. Mem."), No. 4:23-CV-138-O, ECF Nos. 1 and 2.

## II.    OVERVIEW

The Court will address the grounds raised in the original § 2254 petition first and then separately consider Riley's request to amend the underlying § 2254 case with the proposed amended petition and proposed amended memorandum.

## III.    ISSUES – Original § 2254 Petition

The Court understands Riley to initially allege the following grounds:

1. His guilty plea was involuntary because it was induced by a combination of fear, threats, coercive tactics, and duress;

2. He received ineffective assistance of trial counsel because trial counsel threatened to withdraw if he did not accept the State's plea offer;

3. He received ineffective assistance of trial counsel because trial counsel failed to investigate prior to the entering of a guilty plea; and

4. The trial court abused its discretion when, without conducting an evidentiary

---

4 *See Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (for purposes of determining the applicability of AEDPA, a federal petition is filed on the date it is placed in the prison mail system)). Riley signed his § 2254 petition on December 9, 2022, so that is the earliest date it could be deemed filed. Pet. 10, ECF No. 1.

hearing, it denied his motions filed during state habeas proceedings.

Pet. 6, ECF No. 1; Mem. 1–2, ECF No. 2.

## IV.    ANALYSIS

### A.    Application of the Statute of Limitations to Riley's Original Claims

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(d), imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

As an initial matter, the record does not indicate that any unconstitutional "State action"

prevented Riley from filing his petition before the limitations period ended. *See* 28 U.S.C. § 2244(d)(1)(B). Also, Riley's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *Id.* at § 2244(d)(1)(C). And Riley has not shown that he could not have discovered the factual predicate of his claims until a date after the date his conviction became final. *Id* at § 2244(d)(1)(D). Rather, Riley's initial grounds one through three attack the proceedings associated with his 2008 guilty plea and the trial court's order of deferred adjudication. Thus, the Court concludes that the one-year period of limitation ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A).

An order of deferred adjudication is a judgment for AEDPA purposes. *Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005). Where a defendant subject to an order of deferred adjudication "wishes to raise issues related to his guilty plea or deferred adjudication, he must do so on direct appeal from the deferred-adjudication order immediately after it is imposed; he may not wait until after he violates the terms of his probation and is held guilty." *Tharpe v. Thaler*, 628 F.3d 719, 722 (5th Cir. 2010) (citation omitted). Thus, the one-year AEDPA limitations period for challenging issues relating to an order of deferred adjudication begins to run when the order deferring adjudication becomes final, which is upon the expiration of time available to appeal from that order. *Caldwell*, 429 F.3d at 530.

Riley pleaded guilty and an order deferring his sentence was entered on October 20, 2008. SHCR-03 (Writ Rec'd), at 5–6, ECF No. 16-8. Because Riley did not file a direct appeal, the order of deferred adjudication became final—at the latest—thirty days later on November 19,

5

2008, when the time for appealing expired.[5] Consequently, the last day for Riley to file his § 2254 petition under the applicable one-year limitation period was November 19, 2009, unless Riley had a properly filed application for state post-conviction or other collateral review to toll the running of the limitations period. *See* 28 U.S.C. § 2244(d)(2).

      1.      <u>Statutory Tolling Under 28 U.S.C. § 2244(d)(2)</u>

In this case, Riley filed state habeas applications on or about July 18, 2022 and July 20, 2022. SHCR-03 (Writ Rec'd), at 33, ECF No. 16-8; SHCR-01 (Writ Rec'd), at 18, ECF No. 16-3. Because those applications were filed in 2022, several years beyond the November 19, 2009 filing deadline, Riley's state habeas applications fail to toll the federal filing deadline. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that a state habeas application did not toll the limitation period under § 2244(d) because it was not filed until after the period of limitation had expired).

Moreover, in addition to having been filed after the federal limitations period had already expired, Riley's first state application was dismissed as noncompliant pursuant to Tex. R. App. P. 73.2 because Riley did not complete a proper verification of the prescribed form. SHCR-01 (Action Taken), ECF No. 16-1. Thus, this application fails to toll his federal filing deadline because it was not properly filed. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"); *North v. Davis*, 800 F. App'x 211, 214 (5th Cir. 2020) (unpublished) (per curiam) ("[C]ompliance with the requirements of Rule 73.1 is a prerequisite to consideration

---

[5] Under Texas law, a defendant must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in open court, or after the trial court enters an appealable order." Tex. R. App. P. 26.2(a)(1). Thus, a defendant's order of deferred adjudication becomes final for purposes of §

of the merits of applicant's claims. Thus, a petition dismissed by the TCCA for noncompliance with Rule 73.1 is not properly filed and does not toll AEDPA's limitations period") (citing *Broussard v. Thaler*, 414 F. App'x 686, 688 (5th Cir. 2011) (unpublished) (per curiam)).

In sum, Riley's claims related to his guilty plea are untimely by several years. Accordingly, Riley's first three claims are time-barred unless he can show entitlement to equitable tolling.

### 2.    Equitable Tolling

The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). Equitable tolling should be applied only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). More specifically, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). That is, to receive the benefit of equitable tolling, a petitioner must prove that he pursued habeas relief with "reasonable diligence" despite any demonstrated extraordinary circumstance. *See Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012) ("[P]etitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation."); *cf. Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ("[E]quity is not intended for those who sleep on their rights") (citations omitted). Moreover, a petitioner's ignorance of the law, lack of knowledge of filing deadlines, pro se status, illiteracy,

---

2244(d)(1)(A) thirty days after the entering of such an order, and the statute of limitations begins to run on that date. *Caldwell*, 429 F.3d at 530.

and lack of legal training will not support equitably tolling the AEDPA limitations period. *See Felder*, 204 F.3d at 171–72.

Here, strict application of the one-year statute of limitations is not inequitable because the circumstances surrounding Riley's claims are not "rare and exceptional." Riley does not present any legitimate excuse or explanation for his failure to abide by the one-year statute of limitations—he was not misled about his cause of action, nor was he actually prevented in some extraordinary way from asserting his rights. Additionally, Riley fails to show that he diligently pursued his rights—the mere fact that he waited several years beyond his federal filing deadline to file his federal petition negates the application of equitable tolling. *See Mathis*, 616 F.3d at 474 ("[E]quity is not intended for those who sleep on their rights.") Because Riley has not demonstrated that he acted diligently while pursuing habeas relief in the federal courts, and his case does not present any rare or exceptional circumstances, he is not entitled to equitable tolling and his three grounds challenging his guilty plea must be dismissed as barred by the federal habeas corpus statute of limitations.

**B.      Riley's Initial Fourth Claim is Not Cognizable On Federal Habeas Review**.

Riley claims that the trial court abused its discretion when, without conducting an evidentiary hearing, it denied miscellaneous motions he attached to his state habeas application. Mem. 2–5, ECF No. 2; *see also* SHCR-03 (Writ Rec'd), at 75–89 (motions attached to Riley's state writ), ECF No. 16-8.[6] This claim is not cognizable on federal habeas review.

---

[6] It appears that Riley claims that he was entitled to a hearing on his motions pursuant to 28 U.S.C. § 2255. Mem. 3, ECF No. 2, Reply 4, ECF No. 24. But § 2255 applies solely to prisoners in federal custody and provides an avenue to collaterally attack their federal sentences. 28 U.S.C. § 2255 (titled "Federal custody; remedies on motion attacking sentence"). Riley is currently in state custody and attempts to collaterally attack his state conviction and sentence. Therefore, his reference to § 2255 is based on a misunderstanding of the law and provides him no relief.

The Fifth Circuit has held that "errors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction." *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). In *Nichols*, the Fifth Circuit explained that "[a]n attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* (citations and quotations omitted); *see also Kinsel v. Cain*, 647 F.3d 265, 273 (5th Cir. 2011) (holding that as a federal appeals court entertaining a federal habeas corpus application, it was without jurisdiction to review the constitutionality of the petitioner's state postconviction proceedings, and that it was barred from doing so by its "no state habeas infirmities" rule) (citation omitted).

Here, in his fourth claim, Riley challenges an aspect of his state habeas proceedings, not his conviction. Pet. at 2–5, ECF No. 1.  Therefore, because Riley's fourth claim attacks his state habeas proceedings, it is an attack on a proceeding collateral to his detention and not his detention itself.  *See Nichols*, 69 F.3d at 1275. Consequently, his fourth claim does not state a ground for which federal habeas relief is available, and the claim must be denied. *Id.*

**C.     Riley is Not Entitled to Leave to Amend with a Proposed Amended Petition**

As noted by the Court in its order of consolidation, both § 2254 petitions filed by Riley challenge the same conviction, but Riley raises new issues in his proposed amended petition. Prop. Am. Pet. 6-7, ECF No.1 (No. 4:23-CV-138-O). The Court understands Riley's allegations in his proposed amended petition to be as follows:

1. He is actually innocent;

2. There is no evidence of each statutory element of the offense;

3. His guilty plea was involuntary; and

4. He received ineffective assistance of counsel.

Prop. Am. Pet. at 6–7; Prop. Am. Mem. at 1. For the reasons set forth below, leave to amend should not be granted. Riley offers no explanation for his failure to bring any of his new issues forward in his initial § 2254 petition. Furthermore, Riley had ample opportunity to amend his petition prior to the Director's filing of a preliminary answer, and his proposed amendments would be futile.

    1.  <u>Applicable Law</u>

  Federal habeas petitions "may be amended . . . as provided in the rules of procedure applicable to civil actions." *Flores v. Stephens*, 794 F.3d 494, 504 (5th Cir. 2015) (citing 28 U.S.C. § 2242)). Under Federal Rule of Civil Procedure 15, the district court has discretion to grant leave to amend. Rule 15 states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court may consider multiple factors in determining whether to grant leave to amend, such as "whether the petitioner unduly delayed raising the claim, whether the request for leave to amend resulted from bad faith or a dilatory motive, whether the petitioner had been given previous opportunities to cure deficiencies which he had failed to exercise, whether the respondent would suffer undue prejudice, and whether an amendment would be futile." *Id.* (citing *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

    2.  <u>Application of Law to Riley's Proposed Amended Petition</u>

  Here, Riley presents no explanation for failing to raise his claims presented in his proposed amended petition in the initial petition. *See generally* Prop. Am. Pet. and Prop. Am. Mem., ECF Nos. 1 and 2 (No. 4:23-CV-138-O).  Rather, as noted above, Riley filed his initial § 2254 petition on September 9, 2022 and waited nearly five months to file his proposed amended

10

petition. Riley provides no excuse as to why he did not raise any potential new claims during this near-five-month period. *See id.*

In addition, the claims now raised by Riley in his proposed amended petition are futile. Specifically, all of his claims are barred because he failed to raise them within AEDPA's one-year limitations period. 28 U.S.C. § 2244(d).  For these reasons, the Court finds and determines that leave to amend should not be granted.

>   **D.     Alternatively, Riley's New Claims Asserted in his Proposed Amended Petition and Proposed Amend Memorandum are Time Barred**

The Court understands Riley to assert that the claims in his proposed amended petition are substantively different from those put forth in his initial petition. Pet., ECF No. 1; Prop. Am. Pet. 6-9, ECF No. 1 (No. 4:23-CV-138-O).  However, for the reasons stated in the underlying limitations analysis set forth above, and as restated by the Respondent in the detailed limitations analysis of the proposed amended grounds in sections II (A and B) of the supplemental response, all of Riley's grounds in the proposed amended petition must also be dismissed as time barred.

>   **E.     Riley's Belated Actual Innocence Claim Fails to Meet the Requirements of *McQuiggin v. Perkins***

Riley also now claims that he is actually innocent because there was "no evidence" to support a guilty plea. Prop. Am. Pet. at 6. Confusingly, Riley cites to no new evidence that would prove his innocence. He just lists several of his other claims as supporting facts. *Id.* This conclusory claim does not entitle Riley to federal habeas relief, and it is insufficient to overcome AEDPA's one-year limitations period.

The Supreme Court has held that the AEDPA statute of limitations can be overcome by a showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013). In *McQuiggin*, the Supreme Court held that tenable claims of actual innocence serve as a gateway

through which the petitioner may pass, allowing his underlying constitutional claims to be considered despite being raised outside the AEDPA statute of limitations. *Id.* at 386. However, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298 (1995), and citing *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met)).

In this context, newly discovered evidence of a petitioner's "[a]ctual innocence" refers to factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer*, 505 U.S. at 340. And while diligence is not a discrete requirement, the timing of the federal habeas petition bears on the credibility of the evidence proffered to show actual innocence. *See McQuiggin*, 569 U.S. at 399–400. Ultimately, "[t]he miscarriage of justice exception . . . applies to a severely confined category" of otherwise untimely claims. *Id*. at 395.

Here, Riley's claim of actual innocence fails at the outset because he presents no new evidence. *See* Prop. Am. Pet. at 6; *Schlup*, 513 U.S. at 324. Instead, he supports his actual innocence claim with conclusory constitutional claims, which are equally inadequate to overcome the fact that he filed his claims several years too late. *Id*.; *see generally United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."). Moreover, Riley pleaded guilty to the charge against him. SHCR-03 (Writ Rec'd), at 5-6, ECF No. 16-8. This guilty plea and the ensuing conviction "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment

12

of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). Thus, Riley's guilty plea was more than a mere confession, but rather was "an admission that [he] committed the crime charged against him." *Id.* at 570. As such, he cannot persuade the Court that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *McQuiggin*, 569 U.S. at 386. Accordingly, Riley cannot overcome AEDPA's statute of limitations by a showing of actual innocence. *See McQuiggin*, 569 U.S. at 399.

## V.     CONCLUSION and ORDER

It is therefore **ORDERED** that Artie Joseph Riley, Jr.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** in part and **DISMISSED** with prejudice as time-barred. It is further **ORDERED** that Riley's proposed amended petition is **DISMISSED** with prejudice as time-barred.[7] Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **19th day** of **July 2023.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[7]Riley has filed a "Motion for a Ruling on the Four Motions Denied in State Court" (ECF No. 22), and separately a "Motion to Set Evidentiary hearing and Issue Transport Order" (ECF No. 23). Because the Court has determined the § 2254 petition and proposed amendment must be denied and dismissed, the motions are **DENIED**.